UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| RANDALL JUNEAU, et al | CIVIL ACTION NO. 04-0789 |
|---|---|
| VERSUS | U.S. DISTRICT JUDGE DEE D. DRELL |
| RANDALL DUCOTE, et al | U.S. MAGISTRATE JUDGE JAMES D. KIRK |

MEMORANDUM RULING

Before the court is plaintiffs' motion to remand, Document # 19, referred to me by the district judge. For the following reasons, the motion to remand is DENIED.

Plaintiffs filed suit in the 12th Judicial District Court in Avoyelles Parish against Randall Ducote, d/b/a Ducote Wrecking and Demolition Company, Winterthur International America Insurance Company (now XL Insurance America, Inc.), Mike Ashford (a supervisor employed by Exide Technologies, Inc.) and other insurance companies alleged to have provided coverage to Exide.

In their complaint, filed in state court, plaintiffs allege they were exposed to high levels of lead and other toxic substances while performing work at a battery recycling plant owned by Exide and insured by XL America. XL America removed the suit to this court pursuant to 28 U. S. C. 1332 with the consent of the served and properly joined defendants. Defendants assert that there exists complete diversity of parties since Ducote and Ashford, who are Louisiana residents, were fraudulently joined to the action.

Plaintiffs seek to remand, arguing that Ducote and Ashford were properly named as parties.

## Law of Fraudulent Joinder

It is well established that federal courts will not allow parties to defeat removal jurisdiction by fraudulently joining non-diverse defendants. See <u>Rodriquez v. Sabatino</u>, 120 F. 3d 589, 591 (5th Cir. 1997); Charles Alan Wright & Arthur R. Miller, <u>Federal Practice & Procedure</u> §3723, at 625 (3rd Ed. 1998). The removing party bears the heavy burden of demonstrating that the joinder of a non-diverse party is fraudulent, and that the district court has subject matter jurisdiction in order to hear the suit. See <u>Ford v. Elsbury</u>, 32 F.3d 931, 935 (5th Cir. 1994); <u>Jernigan v. Ashland Oil , Inc.</u>, 989 F.2d 812, 815 (5th Cir. 1993), cert. den. 114 S. Ct 192 (1993). Normally, it is not within the court's province to attempt to resolve factual disputes regarding matters of substance. See <u>B., Inc. v. Miller Brewing Co.</u>, 663 F.2d 545, 551 n. 14 (5th Cir. 1981). The court is, however, empowered to "pierce the pleadings" to determine whether the plaintiff has a legitimate claim against the non-diverse party under the governing state law. <u>LeJuene v. Shell Oil Co.</u>, 950 F.2d 267, 271 (5th Cir. 1992). Furthermore, because claims of fraudulent joinder in the Fifth Circuit are disposed of in a summary judgment-like procedure, the court is authorized to consider evidence outside the pleadings, such as affidavits and depositions accompanying the notice of removal or the motion to

remand. See Carriere v. Sears, Roebuck and Co., 893 F.2d 98, 100 (5th Cir. 1990), cert. den. 111 S. Ct. 60 (1990).

In determining whether a non-diverse defendant has been fraudulently joined, the court must determine whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against the in-state defendant. Smallwood v. Illinois Cent. R. Co., 385 F.3d 568 (5th C. 2004); see also, Carriere v. Sears, 893 F.2d 98, 100-101 (5th Cir. 1990), cert. Den., 111 S. Ct. 60 (1990).

## Analysis

A. Did plaintiff fraudulently join Ashford?

Plaintiffs allege that Ashford was the Exide supervisor who was directly responsible for the hazardous conditions, concealing the dangers from the plaintiffs and regulatory agencies, refusing to provide plaintiffs with safety equipment, and making misrepresentations.

The Louisiana Supreme court established the following criteria in Canter v. Koehring, 283 So.2d 716, 721 (La. 1973) to determine whether an individual employee can be held liable to a third party:

> (1) The principal or employer owes a duty of care to the third person...breach of which has caused the damage for which recovery is sought.
> (2) This duty is delegated by the principal or employer to the defendant.
> (3) The defendant officer, agent or employee has breached his duty through personal (as contrasted with technical

3

> or vicarious) fault.
> (4) With regard to the personal (as contrasted with technical or vicarious) fault, personal liability cannot be imposed upon the officer, agent, or employee simply because of his general administrative responsibility for some function of the employment. He must have a personal duty towards the injured plaintiff, breach of which specifically has caused the plaintiff's damages....

See Ford v. Elsbury, 32 F.3d 931, 936 (5th Cir. 1994).

This court has previously analyzed whether Ashford had any duty to plaintiff in regard to safety. In Hardy v. Ducote, Civil Action Number 02-1520, Jan. 20, 2003, Judge Little found that "the record fails to show that Exide delegated safety responsibility to Ashford, a critical factor in order to find Ashford personally liable." Nothing in this record changes that assessment. I adopt the reasoning and conclusions of Judge Little previously found by this court.

B. Did plaintiff fraudulently join Ducote?

The Louisiana worker's Compensation Act provides that workers compensation is the exclusive remedy of an employee against his employer for an injury or a compensable sickness or disease. See R. S. 23:1032, et seq. Plaintiffs allege the following reasons why Ducote is not immune from liability: (1) plaintiffs worked as independent contractors, not as employees; (2) the case law establishes that occupational diseases are presumptively tort claims rather than worker's compensation claims; and (3) Ducote's conduct meets the intentional tort exception to the Act. In

4

addition, plaintiff claims that he has a valid, non-removable claim against Ducote under R. S. 23:1016.

Independent contractor?

In <u>Wells v. Freeport-McMoran, Inc.</u>, 715 F. Supp. 155, 157 (W. D. La. 1988), this court noted factors that indicate independent contractor status. These factors include: "the contractor's business existing independently of the property owner; existence of a contract specifying performance of the particular job and payment of a fixed price; and the contractor's employment of assistants under his own, rather than the property owner's control, and the use of materials and tools furnished by the contractor." This court found that "the most important factor involves the relative degree of control retained by the owner and the contractor over the contractor's conduct and method of performance of the work."

In Ducote's affidavit, attached as Exh. 1 to his opposition to the motion to remand, Document #28, he attests that plaintiff was employed by him as a welder, laborer and mechanic, was paid wages on an hourly basis, was directed and supervised by Ducote in his employment activities and that Ducote exercised direction and control over the work performed by plaintiff. Ducote also states that he provided the tools and equipment used by plaintiff and set his hours of work.

Plaintiff has submitted an affidavit in which he states that he was working as a welder's helper for Ducote and that he never

5

received a W-2 form and that no taxes, FICA, or other employment-type deductions were made from Ducote's paycheck to plaintiff. As Judge Little found when considering this identical issue in regard to employees Hardy and Gauthier, none of these factors are indicia of independent contractor status. I therefore find that Juneau was an employee of Ducote.

<u>Is this claim for occupational disease presumptively a tort claim such that it is excluded from coverage by the workers compensation act?</u>

Once again, this court has decided this issue. Judge Litttle held in Hardy, that after the decision in <u>O'Regan v. Preferred Enterprises, Inc.</u>, 758 So. 2d 124 (La. 2000), R. S. 23:1031.1 was amended to change the burden of proof. <u>O'Regan</u> is not applicable to this case.

<u>Intentional tort claims.</u>

Section 23: 1032(B) carves out an exception to an employer's immunity from tort actions under the Act: "Nothing in this chapter shall affect the liability of the employer...resulting from an intentional act." R. S. 23:1032(B). The meaning of intent in this context is that the defendant either desired to bring about the physical results of his act or believed they were substantially certain to follow from what he did. <u>Bazley v. Tortorich</u>, 397 So. 2d 475 (La. 1981).

Here none of the acts alleged by plaintiff against Ducote rise

6

to the level of "conscious desire" or "substantial certainty". I find no reasonable basis for a fact finder to conclude that Ducote's acts were intentional within the meaning of the exception. Because the act bars plaintiffs from recovering against Ducote in tort, I find there is no possibility for recovery against Ducote based on the facts of this case.

<u>The R. S. 23:1016 record keeping claim.</u>

Finally, plaintiff asserts that diversity is destroyed by the presence of Ducote as a defendant on plaintiffs' claim that Ducote violated the provisions of R. S. 23:1016. The statute allows a worker a right of access to employers' records of employee exposure to potentially toxic materials and employee medical records and provides that denial of a request for access "shall give rise to a cause of action ... to enforce" the provisions of the statute.

In their complaint, plaintiffs sought and obtained from the state court a temporary restraining order, in effect a mandatory injunction, requiring Ducote to provide to plaintiffs the records contemplated by R.S. 23:1016. Defendants claim that this singular claim against Ducote is improperly joined with the claims against the other parties for damages so as to constitute misjoinder of parties.[1] Defendants suggest that the court should sever the record keeping claim from the damage claim under the authority of <u>Tapscott</u>

---

[1] Defendants show that the records have been provided, leaving only the question of plaintiffs' entitlement to attorney fees under the statute. The statute does not allow exemplary damages to be assessed.

7

v. MS Dealer Serv. Corp., 77 F.3d 1353 (11th Cir. 1996), abrogated on other grounds, Cohen v. Office Depot, 204 F.3d 1069 (11th Cir. 2000). The Tapscott court held that misjoinder may be as fraudulent as joinder of a resident defendant against whom plaintiff has no possibility of recovering. See In re Benjamin Moore & Company, 309 F.3d 296, 298 (5th Cir. 2002); In re Benjamin Moore & Company, 4318 F.3d 626, 630 (5th Cir. 2003).

It is provided in 28 U.S.C. 1441 that cases that are not "federal question" cases are removable "only if none of the parties in interest <u>properly joined</u> and served as defendants is a citizen of the State in which such action is brought." (Emphasis added). Joinder of defendants under Rule 20 requires (1) a claim for relief asserting joint, several, or alternative liability and arising from the same transaction, occurrence, or series of transactions or occurrences, and (2) a common question of law or fact. Here there is no allegation of joint, several or alternative liability as to Ducote (except those discussed above as to which there is no possibility of recovery), the matters sued upon do not arise from the same transaction or occurrence and present no common questions of law or fact. The claims were misjoined.[2] A defendant's "right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy."

---

[2] Indeed, even under Louisiana law, the claims were misjoined. See Code Civ. Proc. Art. 463.

Tapscott, supra, quoting Wilson v. Republic Iron & Steel Co., 42 S. Ct. 35, 37 (1921). Here, as in Tapscott, plaintiffs' attempts to join the resident defendant is so egregious a violation of Rule 20 as to constitute fraudulent joinder.  This is especially apparent when one considers that Judge Little, ruling on claims asserted by other employees of Ducote, represented by the same attorneys, had previously rejected claims identical to plaintiffs' other claims asserted. It is obvious that plaintiffs added the record keeping claim in an effort to defeat the diversity jurisdiction of this court and the defendants' rights to removal.

## Conclusion

For the foregoing reasons, I find that complete diversity jurisdiction exists as to the parties properly joined and that defendants Ducote and Ashford were fraudulently joined.[3]  The motion to remand, Document #19 is DENIED IN PART and is GRANTED IN PART and plaintiffs' claims under R. S. 23:1016, arising out of Louisiana's workers compensation laws, are SEVERED AND REMANDED to the 12th Judicial District Court, Parish of Avoyelles.

Alexandria, Louisiana, October 17, 2005.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

---

[3] The court need not consider defendant, XL's alternative arguments related to bankruptcy jurisdiction and prescription.

9