
U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

MAR 1 3 2006

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF LOUISIANA
### ALEXANDRIA DIVISION

| | |
|---|---|
| **RANDALL JUNEAU, et al.** | **CIVIL ACTION NO. 04-0789-A** |
| **-vs-** | **JUDGE DRELL** |
| **RANDALL DUCOTE, et al.** | **MAGISTRATE JUDGE KIRK** |

## R U L I N G

Before the Court is an "Appeal" (Doc. 111) of Magistrate Judge Kirk's October 17, 2005 ruling (Doc. 108) denying, in part, plaintiff's motion to remand (Doc. 19). The essence of Magistrate Judge Kirk's memorandum ruling is that two defendants, Mike Ashford and Randall Ducote, were improperly joined to the action in order to defeat diversity jurisdiction. In addition to the evidence submitted and properly considered, and the original briefs, the undersigned has also been peppered with additional briefs filed and allowed in conjunction with the "Appeal."

It is not necessary to this discussion to determine with final definition the power of a magistrate judge to order remand of a case, because we have reviewed the entire record in any event and treat the ruling as if it were only a report and recommendation in accordance with our Order of August 25, 2005 (Doc. 107). Even so, considering all of the additional briefing and case citation, we do not find any error in either the method used by Magistrate Judge Kirk or the conclusion that these two defendants were improperly joined. We note with

particularity the obvious need to conduct a summary inquiry beyond the usual and initial Rule 12(b)(6) analysis as a precursor to ruling. This necessity was generated, *inter alia*, by alleged misstated status representations in the original petition regarding Ashford and Ducote, which misstatements were raised in the removal petition; by alleged misstatements regarding the claim against Ducote and release of records; and, the parallel nature of the allegations of this suit with those of <u>Hardy v. Ducote</u>, #1:02cv1520 on this Court's docket. In the latter instance, Judge Little of this Court had determined that these same two defendants had been improperly joined. Accordingly, the conducting of a summary inquiry was not only warranted, but critical, to ensure whether the determination in this case should be the same as that in <u>Hardy</u>. The truth of this observation is borne out by the attempted submission by counsel for plaintiff, in briefing the present motion, of affidavits from counsel for plaintiff used in <u>Hardy</u>.

We have, therefore, conducted a de novo review and find that the denial of remand here is entirely justified and is correct. Accordingly, the motion to remand (Doc. 19), as recommended by Magistrate Judge Kirk, is DENIED IN PART AND GRANTED IN PART. Additional motions filed in the interim will now be considered by the Court in accordance with the regular motion calendar.

SIGNED on this _10_ day of March, 2006, at Alexandria, Louisiana.

                                            DEE D. DRELL
                           UNITED STATES DISTRICT JUDGE